UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MICHAEL H. KALINER, as Chapter 7 Trustee for :
BARRON ATM, LLC, :
: 
: Civil Action No.
Plaintiff, : 07 Civ. 4643 (LMM)
:
v. :
:
MT. VERNON MONETARY MANAGEMENT : **NOTICE OF MOTION**
CORP. d/b/a MVMM CORP., MT. VERNON :
MONEY CENTER CORP. d/b/a MVMC :
CORP., and BARRON ATM CORP., :
:
:
Defendants. :
-------------------------------------------------------------x

PLEASE TAKE NOTICE, that upon the annexed Declaration of Karen F. Lederer sworn to September 7, 2007, and the accompanying memorandum of law, Defendants MVMM Corp. (incorrectly named in the Complaint as "Mt. Vernon Monetary Management Corp. d/b/a MVMM Corp."), Mount Vernon Money Center Corp. (incorrectly named in the Complaint as "Mt. Vernon Money Center Corp."), and Barron ATM Corp., by their attorneys, Troutman Sanders LLP, move this Court for entry of an order pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6), (i) dismissing the claim for breach of contract as to Defendants MVMM Corp. and Mount Vernon Money Center Corp., (ii) dismissing the claims for quantum meruit, unjust enrichment, and fraud as to all of the defendants, and (iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 7, 2007

        TROUTMAN SANDERS LLP

By: _____
      Karen F. Lederer (KFL2768)
      Jennifer A. Huber (JH4499)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 704-6000
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

MICHAEL H. KALINER, as Chapter 7 Trustee for :
BARRON ATM, LLC, :
:
: Civil Action No.
Plaintiff, : 07 Civ. 4643 (LMM)
:
v. :
:
MT. VERNON MONETARY MANAGEMENT :
CORP. d/b/a MVMM CORP., MT. VERNON :
MONEY CENTER CORP. d/b/a MVMC :
CORP., and BARRON ATM CORP., :
:
:
Defendants. :

------------------------------------------------------------x

## DECLARATION OF KAREN F. LEDERER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Now comes Karen F. Lederer, and declares as follows:

1. I am a member of Troutman Sanders LLP, attorneys for Defendants MVMM Corp. (incorrectly named in the Complaint as "Mt. Vernon Monetary Management Corp. d/b/a MVMM Corp."), Mount Vernon Money Center Corp. (incorrectly named in the Complaint as "Mt. Vernon Money Center Corp."), and Barron ATM Corp. I make this Declaration in support of Defendants' motion to dismiss the Complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to plead fraud with particularity and for failure to state a claim upon which relief can be granted.

2. This action was commenced by Plaintiff on or about June 1, 2007, by filing a Complaint, a copy of which is attached hereto as Exhibit "A." Plaintiff is the Chapter 7 Trustee for Barron ATM, LLC ("Barron LLC") in a bankruptcy proceeding pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania, Case No. 04-17488 (BIF).

3. This case arises out of the alleged breach of a contract dated September 19, 2002 between Barron LLC and Barron Corp. (the "Contract") for the purchase of ATM machines and contracts for their placement. Defendants MVMM Corp. and Mount Vernon Money Center Corp. were not parties to the Contract, as Plaintiff himself acknowledges in the Complaint.

4. The Complaint asserts four claims against each of the Defendants: breach of contract, quantum meruit, unjust enrichment, and fraud. As set forth in the accompanying memorandum of law, (i) Plaintiff cannot state a claim for breach of contract against MVMM Corp. or Mount Vernon Money Management Corp. because those Defendants were not parties to the Contract; (ii) Plaintiff cannot maintain a claim for quantum meruit against any of the Defendants because he is asserting a claim for breach of contract; (iii) Plaintiff cannot maintain a claim for unjust enrichment against any of the Defendants because he is asserting a claim for breach of contract; and (iv) Plaintiff has not stated a claim for fraudulent concealment against any of the Defendants because Plaintiff has not alleged that Defendants had a duty to disclose information which they fraudulently omitted, has not alleged that Defendants had an intent to defraud, has not alleged reasonable reliance, and has not alleged causation. Therefore, these claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

5. In addition, Plaintiff has failed to allege the fraud claim with the particularity required by Fed. R. Civ. P. 9(b).

6. Therefore, the Defendants respectfully request that the motion be granted in all respects.

Signed under the penalties of perjury this 7th day of September, 2007.

_____
KAREN F. LEDERER

2

# EXHIBIT A

JUDGE McKENNA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**07 CV 4643**

------------------------------------------------------x

MICHAEL H. KALINER, as Chapter 7 Trustee for
BARRON ATM, LLC

Civil Action No.

-against-

**COMPLAINT**

MT. VERNON MONETARY MANAGEMENT CORP.
d/b/a MVMM CORP., MT. VERNON MONEY CENTER
CORP., d/b/a MVMC CORP. and BARRON ATM CORP.

Defendants.

JUN 0 1 2007

------------------------------------------------------x

Plaintiff Michael H. Kaliner, Esq., the Chapter 7 Trustee for Barron ATM, LLC ("Kaliner") by his attorneys, Snow Becker Krauss P.C. as and for his Complaint respectfully alleges:

1. Plaintiff is the Chapter 7 Trustee in the Bankruptcy of Barron ATM, LLC ("Barron LLC") which is pending in the United States Bankruptcy Court for the Eastern District of Pennsylvania bearing Case No. 04-17488 (BIF).

2. Defendants, in or about September 2002 acquired substantially all of the assets of the Debtor for the agreed purchase price of $1,200,000.

3. Defendants have made payments on account of the purchase price but have failed to pay the $958,398.57 balance of the agreed purchase price.

**THE PARTIES**

4. Plaintiff Kaliner is a resident of the State of Pennsylvania and was appointed as the Trustee in Bankruptcy for the Chapter 7 Bankruptcy for Barron LLC pending before the United States Bankruptcy Court for the Eastern District of Pennsylvania.

1

5. Barron LLC is a Pennsylvania limited liability company whose liquidation is being administered by in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

6. Upon information and belief, Defendant Mt. Vernon Monetary Management Corp. d/b/a MVMM Corp. ("MVMM") is a New York corporation which, during all relevant times, maintained its principal place of business at 403 East Third Street, Mt. Vernon, New York 10553.

7. Upon information and belief, Defendant Mt. Vernon Money Center Corp. d/b/a MVMC Corp. ("MVMC") is a New York corporation which, during all relevant periods, maintained its principal place of business at 403 East Third Street, Mt. Vernon, New York 10553.

8. Upon information and belief, Defendant Barron ATM, Corp. ("Barron Corp.") is a New York corporation which, during all relevant periods, maintained its principal place of business at 403 East Third Street, Mt. Vernon, New York 10553.

## JURISDICTION AND VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the plaintiff and defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(a) as the defendants maintain their principal place of business in this district.

## FACTS RELATING TO ALL CLAIMS

11. Robert F. Egan is and during all relevant times was the owner of 100% of the issued and outstanding shares stock of Defendants MVMM, MVMC and Barron Corp.

12. Each of the Defendants, MVMM, MVMC and Barron Corp., during all relevant times maintained their principal places of business at the same location.

13. During all relevant times the same personnel were employed by and/or on behalf of Defendants MVMM, MVMC and Barron Corp.

14. The Certificate of Incorporation of Defendant Barron Corp. was filed with the Secretary of State of the State of New York on September 12, 2002.

15. Upon information and belief, Defendant Barron Corp. had no assets on or about September 19, 2002 and did not have any assets until it opened a bank account at JP Morgan Chase Bank on January 31, 2003 with a deposit of $ 0.01.

16. Prior to September 19, 2002 Defendants MVMM and MVMC performed services on behalf of Barron LLC in connection with the managing of the ATM machines located in the New York Metropolitan Area.

17. The ATM machines and contracts for their placement ("Contracts") were substantially all of the assets of Barron LLC.

18. By letter dated September 19, 2002 Defendants offered to purchase Barron LLC's ATM machines and Contracts which were listed on an attached schedule for an agreed purchase price of $1,200,000 to be paid over a term of nine (9) years with interest at 5% per annum payable in equal monthly installments of $13,820.73 which consisted of payments on account of principal and interest.

19. Thereafter, Barron LLC accepted Defendants' offer and signed the September 19, 2002 letter from Defendants in the portion marked "Terms stated above acceptable."

20. Since on or about October 1, 2002 Defendants have exercised ownership, dominion and control over the ATM machines and Contracts that they purchased from Barron LLC.

3

21.  As payment of the first three installments, Defendant MVMC issued three checks, each in the sum of $13,820.73, dated October 1, 2002, November 1, 2002 and December 1, 2002.

22.  Commencing January 1, 2003 through June 1, 2004 sixteen (16) additional payments were made by wire transfer on account of the purchase price.

23.  The "Source Account" for each of the sixteen (16) wire transfers was the account of Defendant MVMC at JP Morgan Chase Bank.

24.  Subsequent to the June 1, 2004 payment Barron LLC filed a voluntary petition in Bankruptcy.

25.  Thereafter and on or about August 26, 2004 and November 11, 2004 Barron Corp. made payments to Plaintiff as Trustee in Bankruptcy for Barron LLC in the sums of $27,641.41 and $41,462.19 for total of $69,103.65.

26.  Despite demand, no further payments were made on account of the $1,200,000 indebtedness by Defendants to Barron LLC leaving an unpaid balance of $958,398.57 plus interest thereon from December 1, 2004.

27.  As of December 1, 2004 Defendants had an unpaid balance for the purchase price for the ATM machines and Contracts of $958,398.57.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

28.  Kaliner repeats and realleges paragraphs 1 through 27 with the same force and effect as if set forth at length herein.

29.  The September 19, 2002 offer by Defendants was accepted by Barron LLC on or about October 1, 2002.

30. By reason of the acceptance, a contract was entered into by the parties under the terms set forth in the September 19, 2002 letter.

31. As a result of Barron LLC accepting the offer, Defendants took possession, ownership and control of the ATM machines and Contracts that were listed in the offer.

32. Pursuant to the terms of the contract between the parties, Defendants made payments to or on behalf of Barron LLC through November 1, 2004.

33. No further payments were made on account of the debt leaving a balance due and owing of the sum of $958,398.57 plus interest thereon from December 1, 2004.

34. Despite demand, each of the Defendants has failed or refused to pay the balance due on the Contract between the parties of $958,398.57 plus interest thereon from December 1, 2004.

## AS AND FOR A SECOND CAUSE OF ACTION

### (Quantum Meruit)

35. Kaliner repeats and realleges paragraphs 1 through 34 with the same force and effect as if set forth at length herein.

36. On September 19, 2002, Defendants offered to purchase the ATM machines and Contracts that they were managing on behalf of Barron LLC for an agreed purchase price of $1,200,000.

37. Barron LLC accepted the offer and turned over the ownership of the ATM machines and Contracts to Defendants.

38. Defendants accepted title to the ATM machines and thereafter exercised ownership, dominion and control over them.

5

39. Defendants have made payments on account of the purchase price through November 1, 2004 of $241,601.43.

40. Thereafter, and despite demand, Defendants defaulted in making further payments.

41. At the time the payments stopped, there was due and owing to Plaintiff, as Trustee for Barron LLC, the balance of the purchase price of $958,398.57.

42. Despite retaining the ATM machines and Contracts, Defendants have failed and refused to pay the balance of the agreed purchase price for the ATM machines of $958,398.57.

43. Each of the Defendants are indebted to Plaintiff for the sum of $958,398.57 plus interest thereon from December 1, 2004.

## AS AND FOR A THIRD CAUSE OF ACTION

### (Unjust Enrichment)

44. Kaliner repeats and realleges paragraphs 1 through 43 with the same force and effect as if set forth at length herein.

45. In or about September, 2002, Defendants agreed to pay $1,200,000 for the ATM machines and Contracts that they were servicing on behalf of Barron LLC.

46. Barron LLC accepted the proposal and Defendants made payment on account of the purchase through of $241,601.43, leaving a balance due and owing of $958,398.57.

47. Defendants have taken and continue to exercise ownership and control over the property purchased from Barron LLC.

48. Defendants have been unjustly enriched by receiving the ATM machines and Contracts and not paying the balance of the purchase price of $958,398.57 plus interest thereon from December 1, 2004.

49.  Defendants have been unjustly enriched by the balance of the agreed purchase price of $958,398.57.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (Fraud)

50.  Kaliner repeats and realleges paragraphs 1 through 47 with the same force and effect as if set forth at length herein.

51.  Although Defendants offered to purchase the ATM machines and Contracts from Barron LLC in the name of Barron Corp., that corporation was and continued to be without assets sufficient to pay for the ATM machines and Contracts purchased.

52.  MVMC, a corporation owned by the same principal, made the payments of the purchase price of the ATM machines in October, November and December, 2002 and its account was the Source Account for the wire transfers of the payments through at least June 1, 2004.

53.  When Barron Corp. opened a bank account at JP Morgan Chase Bank on January 31, 2003 it did so with a deposit of $ 0.01.

54.  Upon information and belief, MVMC transferred funds into Barron Corp.'s bank account to fund the payments to Barron LLC.

55.  Upon information and belief, MVMC funded the wire transfers in the name of Barron Corp.

56.  Upon information and belief, the revenues received from the ATM machines purchased from Barron LLC were received by and deposited into the account of MVMC and/or MVMM.

57.  Barron Corp. never had employees nor did it receive revenues from the ATM machines and Contracts purchased from Barron LLC.

7

58. Barron Corp. was never operated as an independent entity but was merely a part of the operations of MVMC and MVMM.

59. Upon information and belief, Barron Corp. was formed solely to hold title to the ATM machines and Contracts purchased from Barron LLC while MVMC and MVMM received all of the benefits, including but not limited to, all of the revenues and receipts.

60. Upon information and belief, Barron Corp. never operated as an independent entity, but was merely a front for MVMC and MVMM to insulate them for the unpaid portion of the purchase price of the ATM machines and Contracts purchased from Barron LLC.

61. The sale by Barron LLC of the ATM machines and Contracts to Defendants was in reliance upon Defendants' promise to pay the agreed purchase price of $1,200,000.

62. Barron LLC turned over title to the ATM machines and Contracts to Defendants in reliance upon their agreement to pay the $1,200,000.

63. Commencing December 1, 2004, Defendants have failed and refuse to pay the balance of the purchase price to wit, $958,398.57.

64. During all relevant times, Defendants MVMM and MVMC knew that Barron Corp. was without sufficient assets to pay the monthly installments for the purchase price of the ATM machines and Contracts purchased from Barron LLC.

65. Barron Corp. was sub defuse set up by MVMM and MVMC in an attempt to insulate them from liability for the purchase price of the ATM machines and Contracts while they received the revenues and benefits.

66. The claim that Barron Corp. is liable for the $958,398.57 balance of the price is a fraud perpetrated by MVMM and MVMC who are solvent and have more than sufficient funds to pay the $958,398.57 balance due.

67.  Defendants' fraudulent conduct was in bad faith and has caused plaintiff damages of at least $958,398.57 plus interest thereon from December 1, 2004.

**WHEREFORE**, Plaintiff, Michael H. Kaliner, as Chapter 7 Trustee for Barron ATM, LLC demands judgment against Defendants Mt. Vernon Monetary Management Corp. d/b/a MVMM Corp., Defendant Mt. Vernon Money Center Corp., d/b/a MVMC Corp. and Barron ATM Corp. as follows:

(a)  On the First Cause of Action, in the sum of $958,398.57 together with interest thereon from December 1, 2004.

(b)  On the Second Cause of Action, in the sum of $958,398.57 together with interest thereon from December 1, 2004.

(c)  On the Third Cause of Action, in the sum of $958,398.57 together with interest thereon from December 1, 2004.

(d)  On the Fourth Cause of Action, in the sum of $958,398.57 together with interest thereon from December 1, 2004.

(e)  The awarding punitive damages against all defendants in an amount determined by the trier of facts; and

(f)  Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May __, 2007

SNOW BECKER KRAUSS P.C.

By: _____
    Derek Wolman (9720)
Attorneys for Plaintiff
Michael H. Kaliner, Esq., as Chapter 7
Trustee for BARRON ATM, LLC
605 Third Avenue
New York, New York 10158
(212) 687-3860

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL H. KALINER, as Chapter 7 Trustee for :
BARRON ATM, LLC,                               :
                                               :
                                               :         Civil Action No.
                    Plaintiff,                 :         07 Civ. 4643 (LMM)
                                               :
        v.                                     :
                                               :
MT. VERNON MONETARY MANAGEMENT                 :         **AFFIRMATION OF SERVICE**
CORP. d/b/a MVMM CORP., MT. VERNON             :
MONEY CENTER CORP. d/b/a MVMC                  :
CORP., and BARRON ATM CORP.,                   :
                                               :
                                               :
                    Defendants.                :
------------------------------------------------------------x

I, Jennifer A. Huber, make the following affirmation under penalty of perjury:

On September 7, 2007, I served a copy of Defendants' **Notice of Motion**, the **Declaration of Karen F. Lederer**, and **Defendants' Memorandum of Law in Support of Their Motion to Dismiss** upon all registered ECF parties in the action by posting such documents electronically to the ECF website of the United States District Court for the Southern District of New York.

Dated:      New York, New York
            September 7, 2007

                                               _____
                                               Jennifer A. Huber