UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL H. KALINER, as Chapter 7 Trustee for :
BARRON ATM, LLC,                             :
                                             :
                                             :      Civil Action No.
                           Plaintiff,        :      07 Civ. 4643 (LMM)
                                             :
          v.                                 :
                                             :
MT. VERNON MONETARY MANAGEMENT               :
CORP. d/b/a MVMM CORP., MT. VERNON           :
MONEY CENTER CORP. d/b/a MVMC                :
CORP., and BARRON ATM CORP.,                 :
                                             :
                                             :
                           Defendants.       :
------------------------------------------------------------x


# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF THEIR MOTION TO DISMISS

                                                    TROUTMAN SANDERS LLP
                                                    The Chrysler Building
                                                    405 Lexington Avenue
                                                    New York, New York 10174
                                                    (212) 704-6000
                                                    Attorneys for Defendants

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................2
STATEMENT OF FACTS .........................................................................................................2
ARGUMENT................................................................................................................................3
    I.   The Claim for Breach of Contract Should Be Dismissed as to the
Mount Vernon Defendants .....................................................................................................4
    II.  The Claim for Quantum Meruit Should Be Dismissed as to All Defendants......................5
    III. The Claim for Unjust Enrichment Should Be Dismissed as to All Defendants ..................6
    IV. The Claim for Fraud Should Be Dismissed as to All Defendants .......................................7
CONCLUSION ..........................................................................................................................11

## **TABLE OF AUTHORITIES**

ATSI Commc'n, Inc. v. Wolfson, 2007 U.S. App. LEXIS 16382 (2d Cir. July 11, 2007)................8

Banque Arabe Et Internationale D'Investissement v. Maryland Nat'l Bank, 57 F.3d 146 (2d Cir. 1995).........................................................................................................................................7, 8

Bell Atl. Corp. v. Twombly, __ U.S. __; 127 S. Ct. 1955 (2007)..................................................3, 8

Bennett v. United Sates Trust Co., 770 F.2d 308 (2d Cir. 1985) .......................................................9

Bermuda Container Line Ltd. v. Int'l Longshoremen's Ass'n 192 F.3d 250 (2d Cir. 1999) ............7

Blanchard v. Blanchard, 201 N.Y. 134 (1911)..................................................................................5

Bradkin v. Leverton, 26 N.Y.2d 192 (1970) ......................................................................................5

Bridgestone/Firestone v. Recovery Credit Servs., 98 F.3d 13 (2d Cir. 1996) ................................10

Brown v. Brown, 12 A.D.3d 176, 785 N.Y.S.2d 417 (1st Dep't 2004) ...........................................11

Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260 (S.D.N.Y. 1991)....................6

Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382 (1987) ..........................................5, 6

Conley v. Gibson, 355 U.S. 41; 78 S. Ct. 99 (1957) .........................................................................3

Curto v. Bender, No. 05-2339-cv, 2007 U.S. App. LEXIS 19387 (2d Cir. Aug. 14, 2007) .............3

DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242 (2d Cir. 1987)...............................10

Fitzpatrick v. Sony-BMG Music Entm't, Inc., 07 Civ. 2933 (SAS), 2007 U.S. Dist. LEXIS 60238 (S.D.N.Y. Aug. 14, 2007) ................................................................................................................3

Green v. Beer, 06 Civ. 4156 (KMW), 2007 U.S. Dist. LEXIS 12557 (S.D.N.Y. Feb. 18, 2007)..10

Guilbert v. Gardner, 480 F.3d 140 (2d Cir. 2007)..........................................................................10

Hampshire Equity Partners II, L.P. v. Teradyne, Inc., 04 Civ. 3318 (LAP); 2005 U.S. Dist. LEXIS 5261 (S.D.N.Y. March 30, 2005)......................................................................................................9

In re Parmalat Sec. Litig., 2007 U.S. Dist. LEXIS 58881 (S.D.N.Y. Aug. 8, 2007) ....................3, 9

Indep. Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184 (S.D.N.Y. 1996).........................6

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ......................................................................................3

Lerner v. Fleet Bank, N.A., 459 F.3d 273 (2d Cir. 2006) ................................................................7

MacDraw, Inc. v. CIT Group Equip. Fin., 157 F.3d 956 (2d Cir. 1997) .........................................6

McKernin v. Fanny Farmer Candy Shops, Inc., 176 A.D.2d 233, 574 N.Y.S.2d 58 (2d Dep't 1991) ................................................................................................................................11

Mellencamp v. Riva Music, Ltd., 698 F. Supp. 1154 (S.D.N.Y. 1988) ...........................................4

Metro. Elec. Mfg. Co. v. Herbert Constr. Co., 183 A.D.2d 758, 583 N.Y.S.2d 497 (2d Dep't 1992) .................................................................................................................................6

Mills v. Polar Molecular Corp., 12 F.3d 1170 (2d Cir. 1993) .......................................................10

Nat'l Mkt. Share, Inc. v. Sterling Nat. Bank, 392 F.3d 520 (2d Cir. 2004) ....................................4

NCA Holding Corp. v. Ernestus, 97 Civ. 1372 (LMM); 1998 U.S. Dist. LEXIS 6439 (S.D.N.Y. May 6, 1998) ....................................................................................................................11

Ouaknine v. MacFarlane, 897 F.2d 75 (2d Cir. 1990) ..................................................................10

Papasan v. Allain, 478 U.S. 265, 106 S. Ct. 2932 (1986) ...............................................................8

Planetarium Travel, Inc. v. Whitehouse Travel Co., 97 Civ. 2186 (LMM); 1998 U.S. Dist. LEXIS 2128 (S.D.N.Y. Feb. 26, 1998) .........................................................................................10

Polyglycoat Corp. v. C. P. C. Distrib., Inc., 534 F. Supp. 200 (S.D.N.Y. 1982) ............................4

Randolph Equities, LLC v. Carbon Capital, Inc., 05 Civ. 10889 (PAC); 2007 U.S. Dist. LEXIS 21670 (S.D.N.Y. March 26, 2007) ...................................................................................4

Rastogi v. Beth Israel Med. Ctr., 97 Civ. 9537 LAP; 1999 U.S. Dist. LEXIS 12284 (S.D.N.Y. Feb. 10, 1999) ...........................................................................................................................4

Revak v. SEC Realty Corp., 18 F.3d 81 (2d Cir. 1994) ...................................................................9

Ryan v. Hunton & Williams, 2000 U.S. Dist. LEXIS 13750 (E.D.N.Y. Sept. 20, 2000) ................9

Soviero Bros. Contr. Corp. v City of New York, 286 A.D. 435; 142 N.Y.S.2d 508 (1st Dep't 1955) ..................................................................................................................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL H. KALINER, as Chapter 7 Trustee for  :
BARRON ATM, LLC,                              :
                                              :
                                              :   Civil Action No.
                    Plaintiff,                :   07 Civ. 4643 (LMM)
                                              :
        v.                                    :
                                              :
MT. VERNON MONETARY MANAGEMENT                :
CORP. d/b/a MVMM CORP., MT. VERNON            :
MONEY CENTER CORP. d/b/a MVMC                 :
CORP., and BARRON ATM CORP.,                  :
                                              :
                                              :
                    Defendants.               :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants MVMM Corp.,[1] Mount Vernon Money Center Corp.[2] (together the "Mount Vernon Defendants"), and Barron ATM Corp. ("Barron Corp."; together with the Mount Vernon Defendants, "Defendants"), respectfully submit this memorandum of law in support of their motion to dismiss the Complaint filed by Plaintiff Michael H. Kaliner ("Plaintiff"), the Chapter 7 Trustee for Barron ATM, LLC ("Barron LLC"), pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure for failure to plead fraud with particularity and for failure to state a claim upon which relief can be granted. A copy of the Complaint is attached as Exhibit A to the accompanying Declaration of Karen F. Lederer sworn to September 7, 2007.

---

[1]    Incorrectly named in the Complaint as "Mt. Vernon Monetary Management Corp. d/b/a MVMM Corp."
[2]    Incorrectly named in the Complaint as "Mt. Vernon Money Center Corp."

## PRELIMINARY STATEMENT

This case arises out of the alleged breach of a contract dated September 19, 2002 between Barron LLC and Barron Corp. (the "Contract") for the purchase of ATM machines and contracts for their placement. The Mount Vernon Defendants were not parties to the Contract, as Plaintiff himself acknowledges in the Complaint.

The Complaint asserts four claims against each of the Defendants: breach of contract, quantum meruit, unjust enrichment, and fraud. As set forth below, (i) Plaintiff cannot state a claim for breach of contract against the Mount Vernon Defendants since the Mount Vernon Defendants were not parties to the Contract; (ii) Plaintiff cannot maintain a claim for quantum meruit against any of the Defendants because he is asserting a claim for breach of contract; (iii) Plaintiff cannot maintain a claim for unjust enrichment against any of the Defendants because he is asserting a claim for breach of contract; and (iv) Plaintiff has not stated a claim for fraudulent concealment because Plaintiff has not alleged that Defendants had a duty to disclose information which they fraudulently omitted, has not alleged that Defendants had an intent to defraud, has not alleged reasonable reliance, and has not alleged causation.

## STATEMENT OF FACTS

The Complaint alleges that under the Contract, Barron Corp. agreed to purchase 35 ATM machines and contracts for their placement from Barron LLC for $1.2 million. (Compl. ¶¶ 18-19, 30). The purchase price was to be paid over a term of nine years at five percent (5%) interest in monthly installments of principal and interest of $13,820.73. (Compl. ¶ 18-19, 30.) The Complaint acknowledges that the Mount Vernon Defendants were not parties to the Contract. (Compl. ¶¶ 51 & 65.)

2

The Complaint further alleges that Barron Corp. made payments through November 2004, allegedly leaving a remaining balance of $958,398.57. (Compl. ¶¶ 21-27.)

## ARGUMENT[3]

While it is still true that "[i]n deciding a motion to dismiss, the Court ordinarily accepts as true all well-pleaded factual allegations," (In re Parmalat Sec. Litig., 2007 U.S. Dist. LEXIS 58881, *27, (S.D.N.Y. Aug. 8, 2007)), a recent U.S. Supreme Court decision requires factual allegations to "raise a right to relief above the speculative level" (Bell Atlantic Corp. v. Twombly, __ U.S. __; 127 S. Ct. 1955 (2007)). See also Curto v. Bender, No. 05-2339-cv, 2007 U.S. App. LEXIS 19387, *2 (2d Cir. Aug. 14, 2007); Fitzpatrick v. Sony-BMG Music Entm't, Inc., 07 Civ. 2933 (SAS), 2007 U.S. Dist. LEXIS 60238, *5 (S.D.N.Y. Aug. 14, 2007); In re Parmalat Sec. Litig., 2007 U.S. Dist. LEXIS 58881 at **27-28).

In Bell Atlantic Corporation v. Twombly, 127 S. Ct. at 1969, the U.S. Supreme Court retired the plaintiff-friendly phrase from Conley v. Gibson, 355 U.S. 41, 45-46; 78 S. Ct. 99 (1957), which stated that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Supreme Court clarified that this was "not the minimum standard of adequate pleading to govern a complaint's survival," and noted that Conley's "no set of facts language" "is best forgotten." Twombly, 127 S. Ct. at 1969. While Twombly has introduced some uncertainty into standards of pleading, the Second Circuit has interpreted Twombly to "oblige[ ] a pleader to amplify a claim with some factual allegations . . . to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, *35 (2d Cir. 2007); see also Curto, 2007 U.S. App. LEXIS 19387 at *2; Fitzpatrick, 2007 U.S. Dist. LEXIS 60238 at *5.

---

[3] At this time, Defendants challenge only the sufficiency of Plaintiff's pleading. Defendants will challenge any surviving claims on the merits at the appropriate time.

3

I.  **The Claim for Breach of Contract
    Should Be Dismissed as to the Mount Vernon Defendants**

In order to state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of that contract; and (3) damages resulting from the breach. Nat'l Market Share, Inc. v. Sterling Nat. Bank, 392 F.3d 520, 525 (2d Cir. 2004). A plaintiff must also allege that each defendant is a party to the contract. See Randolph Equities, LLC v. Carbon Capital, Inc., 05 Civ. 10889 (PAC); 2007 U.S. Dist. LEXIS 21670, **11-12 (S.D.N.Y. March 26, 2007) (dismissing a breach of contract claim against a defendant where, although an enforceable contract existed, the plaintiff did not allege facts sufficient to demonstrate that the defendant was a party to that contract); Rastogi v. Beth Israel Med. Ctr., 97 Civ. 9537 LAP; 1999 U.S. Dist. LEXIS 12284 (S.D.N.Y. Feb. 10, 1999) ("[i]t is the rule in New York that, 'only those who are parties to a contract may be held liable for a breach of that contract'") (internal quotation omitted); Mellencamp v. Riva Music, Ltd., 698 F. Supp. 1154, 1160 (S.D.N.Y. 1988) ("[t]he Court is unaware of any authority . . . to support plaintiff's assertion that these two defendants may be liable for the breach of a contract which they are strangers to simply because they share the same director and/or owner as the other corporate defendants or because they assisted the other corporate defendants in the 'administration of the [Plaintiff's] publishing agreements'"); Polyglycoat Corp. v. C. P. C. Distrib., Inc., 534 F. Supp. 200, 204 (S.D.N.Y. 1982) (defendants who were not parties to the contract at issue could not be liable for breach of contract or conspiracy to breach the contract).

At first glance, the Complaint appears to state a breach of contract claim against the Mount Vernon Defendants: Plaintiff alleges that "Defendants offered to purchase Barron LLC's ATM machines and Contracts." (Compl. ¶ 18 (emphasis added).) Plaintiff pleads himself out of court, however, with his allegations in Paragraphs 51 and 65, in which he admits that it

4

was only Barron Corp. – not the Mount Vernon Defendants – that entered into the Contract with Barron LLC. Paragraph 51 of the Complaint alleges that "Defendants offered to purchase the ATM machines and Contracts from Barron LLC in the name of Barron Corp." and Paragraph 65 of the Complaint alleges that "Barron Corp. was sub defuse [sic] set up by MVMM and MVMC in an attempt to insulate them from liability for the purchase price of the ATM machines and Contracts while they received the revenues and benefits." Thus, the Plaintiff admits that the Mount Vernon Defendants were not parties to the Contract. For this reason, the Complaint fails to state a claim for breach of contract against the Mount Vernon Defendants.

## II.     The Claim for Quantum Meruit Should Be Dismissed as to All Defendants

"The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract [such as quantum meruit] for events arising out of the same subject matter." Clark-Fitzpatrick, Inc. v. Long Island R. Co., 70 N.Y.2d 382, 388-89 (1987); see also Blanchard v. Blanchard, 201 N.Y. 134, 138 (1911). "[A] quasi-contractual obligation is one imposed by law where there has been no agreement or expression of assent, by word or act, on the part of either party involved." Bradkin v. Leverton, 26 N.Y.2d 192, 196 (1970) (emphasis added). For this reason, "[i]t is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties." Clark-Fitzpatrick, 70 N.Y.2d at 389; see also Soviero Bros. Contr. Corp. v City of New York, 286 A.D. 435; 142 N.Y.S.2d 508 (1st Dep't 1955).

Plaintiff alleges the existence of a valid and enforceable contract between Barron LLC and Barron Corp. The existence of this contract thus precludes recovery in quantum meruit against Barron Corp. Clark-Fitzpatrick, 70 N.Y.2d at 389 (because plaintiff did not rescind the

5

contract but sued to recover damages for breach of contract, "plaintiff is now limited to recovery of damages on the contract, and may not seek recovery based on an alleged quasi contract").

The existence of a contract also requires dismissal of a claim for quantum meruit against those who benefited from the contract but were not parties to it. See MacDraw, Inc. v. CIT Group Equip. Fin., 157 F.3d 956, 964 (2d Cir. 1997) (dismissing claim in quasi-contract against defendant who had no obligations under existing contract between plaintiff and another party); Metro. Elec. Mfg. Co. v. Herbert Constr. Co., 183 A.D.2d 758, 583 N.Y.S.2d 497, 498 (2d Dep't 1992) (reversing trial court's denial of defendant's motion to dismiss for failure to state a cause of action in quasi-contract, where defendant received and accepted benefits but was not a party to an existing contract). Plaintiff has alleged that the Mount Vernon Defendants benefited from the Contract between Barron LLC and Barron Corp, but were not parties to it. (See Compl. ¶ 56.) Based on these authorities, the claim for quantum meruit must be dismissed as to the Mount Vernon Defendants as well.

### III. The Claim for Unjust Enrichment Should Be Dismissed as to All Defendants

The claim for unjust enrichment should be dismissed as to all Defendants for the same reasons that the claim for quantum meruit must be dismissed. "[U]njust enrichment is a quasi-contract claim that can ordinarily be invoked only in the absence of a valid, enforceable contract." Indep. Energy Corp. v. Trigen Energy Corp., 944 F. Supp. 1184, 1200 (S.D.N.Y. 1996); see also Chrysler Capital Corp. v. Century Power Corp., 778 F. Supp. 1260, 1272 (S.D.N.Y. 1991); Clark-Fitzpatrick, Inc., 70 N.Y.2d 382, 521 N.Y.S.2d at 656. And here again, the claim for unjust enrichment also cannot stand against the Mount Vernon Defendants. See MacDraw, Inc., 157 F.3d at 964; Metro. Elec. Mfg. Co., 183 A.D.2d 758, 583 N.Y.S.2d at 498.

## IV. The Claim for Fraud Should Be Dismissed as to All Defendants

The sum and substance of Plaintiff's fraud claim appears to be set forth in Paragraph 65 of the Complaint, which alleges that "Barron Corp. was sub defuse [sic] set up by MVMM and MVMC in an attempt to insulate them from liability for the purchase price of the ATM machines and Contracts while they received the revenues and benefits." Plaintiff seems to be alleging that the Defendants fraudulently concealed this plan from Barron LLC.

In order to state a claim for fraudulent concealment, a plaintiff must allege that (1) the defendant failed to disclose material information that he had a duty to disclose, (2) the defendant intended to defraud the plaintiff thereby, (3) the plaintiff reasonably relied upon the actual representation made from which material information was omitted, and (4) the plaintiff suffered damage as a result. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 291-92 (2d Cir. 2006); Bermuda Container Line Ltd. v. International Longshoremen's Association 192 F.3d 250, 258 (2d Cir. 1999); Banque Arabe Et Internationale D'Investissement v. Maryland Nat'l Bank, 57 F.3d 146, 156 (2d Cir. 1995).

In the case in hand, the Plaintiff has failed to allege that the Defendants had a duty to disclose the information to Barron LLC or that the Defendants intended to defraud Barron LLC.

The Plaintiff has also failed to allege that Barron LLC <u>reasonably</u> relied upon the actual representations made by Barron Corp. from which information was allegedly fraudulently omitted. Cf. Bermuda Container Line Ltd., 192 F.3d at 258 ("Plaintiff's reliance must be 'reasonable or justifiable'"). Plaintiff does not allege that Barron LLC made any inquiry of the officers of Barron Corp. as to how Barron Corp. would pay the purchase price, what assets would be held or received by Barron Corp., and what the corporate relationship was to be between

7

Barron Corp. and the Mount Vernon Defendants, despite the fact that Plaintiff alleges that Barron LLC was familiar with the Mount Vernon Defendants prior to contracting with Barron Corp. (Compl. ¶ 16) and despite the fact that it was a Mount Vernon Defendant that issued the first three checks as payment under the Contract (Compl. ¶ 21). Barron LLC thus had enough information to prompt it to ask questions about Barron Corp. and the relationship between Barron Corp. and the Mount Vernon Defendants generally and in the particular context of the Contract. Nevertheless, according to the Complaint Barron LLC failed to make such inquiries. Cf. Banque Arabe Et Internationale D'Investissement, 57 F.3d at 157 (plaintiff failed to allege reasonable reliance where risk was known and information was available "to any interested party who cared to make inquiry").[4]

Plaintiff has also failed to allege that Barron LLC suffered damage as a result of the alleged fraud. Plaintiff alleges that Defendants' conduct "caused plaintiff damages of at least $958,398.57 plus interest." (Compl. ¶ 67.) This statement is nothing more than a legal conclusion, which courts "are not bound to accept as true." Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932 (1986); see also Twombly, ___ U.S. at ___; 127 S. Ct. at 1965 ("[a] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); ATSI Communications, Inc. v. Wolfson, 2007 U.S. App. LEXIS 16382, *18 (2d Cir. July 11, 2007) ("[a]llegations that are conclusory or unsupported by factual assertions are insufficient"). Plaintiff has not even alleged "but for" causation, i.e., that Barron LLC would not have entered

---

[4] Indeed, not only has Plaintiff failed to allege reasonable reliance, his reliance allegations are themselves completely at odds with the theory of his fraud claim. The theory of the fraud claim is that the Mount Vernon Defendants did not undertake to pay the purchase price but received the benefits of the Contract. The reliance allegations allege that Barron LLC relied upon a promise to pay given by all of the Defendants. See Paragraphs 61 and 62 of the Complaint which allege: "The sale by Barron LLC of the ATM machines and Contracts to Defendants was in reliance upon Defendants' promise to pay the agreed purchase price of $1,200,000" and "Barron LLC turned over title to the ATM machines and Contracts to Defendants in reliance upon their agreement to pay the $1,200,000." (Emphasis added.)

8

into the Contract had it known of the omitted information. Cf. Bennett v. United Sates Trust Co., 770 F.2d 308, 314-16 (2d Cir. 1985) (plaintiffs' allegations that they would not have entered into a transaction with the defendant if they had not relied upon defendant's misrepresentations established, at most, "but for" cause).

Moreover, "[i]t is not sufficient that [a plaintiff] show[s] 'but for causation,'" "[he] must prove also that defendants' actions were the proximate cause of [plaintiff's] losses." In re Parmalat Sec. Litig., 2007 U.S. Dist. LEXIS 58881, **46-47 (S.D.N.Y. Aug. 8, 2007) (granting motion to dismiss fraud for failure to plead causation); see also Bennett, 770 F.2d at 316 ("but-for allegations are insufficient to state a cause of action" for common law fraud). In other words, Plaintiff would have had to allege a connection between the fraud and the injury, such that Plaintiff's injury "flowed from" Defendants' alleged fraud. Hampshire Equity Partners II, L.P. v. Teradyne, Inc., 04 Civ. 3318 (LAP); 2005 U.S. Dist. LEXIS 5261, *14 (S.D.N.Y. March 30, 2005); see also Revak v. SEC Realty Corp., 18 F.3d 81, 89-90 (2d Cir. 1994) ("causation [in common law fraud] is established only where the loss complained of is a direct result of the defendant's wrongful actions and independent of other causes"). Here, causation is too attenuated: Plaintiff alleges that in 2002, Defendants concocted a fraudulent scheme to avoid paying Barron LLC and two years later Defendants' fraudulent scheme was brought to fruition when Defendants stopped paying. Cf. id. ("[t]hese statements hardly draw a causal link . . . to the allegedly fraudulent comments made . . . some three years earlier").

Plaintiff has not alleged "but for" causation, much less proximate cause, and thus the claim for fraud must be dismissed. See Ryan v. Hunton & Williams, 2000 U.S. Dist. LEXIS 13750 (E.D.N.Y. Sept. 20, 2000) (quoting Bennett, 770 F.2d at 316) ("[t]he absence of adequate causation is . . . fatal to a common law fraud claim under New York law").

9

Finally, Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The Second Circuit has specified that, where a claim is subject to Rule 9(b), "the complaint must allege the time, place, speaker, and sometimes event the content of the alleged misrepresentation." Green v. Beer, 06 Civ. 4156 (KMW), 2007 U.S. Dist. LEXIS 12557, *21 (S.D.N.Y. Feb. 18, 2007) (quoting Ouaknine v. MacFarlane, 897 F.2d 75, 79 (2d Cir. 1990)). Moreover, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." Green, 2007 U.S. Dist. LEXIS 12557 at **21-22 (quoting DiVittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987); see also Mills v. Polar Molecular Corp., 12 F.3d 1170, 1175 (2d Cir. 1993) ("Rule 9(b) is not satisfied where the complaint vaguely attributes the alleged fraudulent statements to 'defendants.'") Plaintiff has failed to particularize the participation of each defendant in the alleged fraud and how Plaintiff's reliance caused Plaintiff's damages. Cf. Planetarium Travel, Inc. v. Whitehouse Travel Co., 97 Civ. 2186 (LMM); 1998 U.S. Dist. LEXIS 2128, *9 (S.D.N.Y. Feb. 26, 1998) (McKenna, J.) ("Planetarium does not identify the statements it claims were false, give particulars as to the respect in which the contents of such statements were fraudulent, detail when and where the statements were made, or identify who made the statements").

Therefore, for the reasons set forth above, the Plaintiff has utterly failed to state a claim for fraudulent concealment.[5]

---

[5] Again, Plaintiff's fraud claim is somewhat unclear, but to the extent that Plaintiff is also alleging an affirmative fraud in that Barron Corp. made a promise to pay when in fact it had no intent to pay, such claim is insufficient of a matter of law. See Guilbert v. Gardner, 480 F.3d 140, 148 (2d Cir. 2007) ([t]he amended complaint, however, fails to support a claim of fraud under New York law because it is duplicative of the breach of contract claim"); Bridgestone/Firestone v. Recovery Credit Servs., 98 F.3d 13, 20 (2d Cir. 1996) ("[t]o maintain a claim of fraud [premised upon a breach of contract], a plaintiff must either: (i) demonstrate a legal duty separate from the duty to perform under the contract, or (ii) demonstrate a fraudulent misrepresentation collateral of extraneous to the

10

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the instant motion be granted in all respects.

Dated:   New York, New York
         September 7, 2007

TROUTMAN SANDERS LLP

By. /s/ Karen F. Lederer
Karen F. Lederer (KFL 2768)
Jennifer A. Huber (JH4499)
Attorneys for Defendants
405 Lexington Avenue
New York, New York 10174
(212) 704-6000

---

contract, or (iii) seek special damages that are caused by the misrepresentation and unrecoverable as contract damages") (internal citations omitted); NCA Holding Corp. v. Ernestus, 97 Civ. 1372 (LMM); 1998 U.S. Dist. LEXIS 6439, *6 (S.D.N.Y. May 6, 1998) (McKenna, J.) ("[t]he allegations that Ernestus did not perform under the letter agreement, nor make any good faith effort to do so, do not support a claim for fraud"); Brown v. Brown, 12 A.D.3d 176, 785 N.Y.S.2d 417, 419 (1st Dep't 2004) (plaintiff's fraud claim is "precluded by the fact that a simple breach of contract claim may not be considered a tort unless a legal duty independent of the contract—i.e., one arising out of circumstances extraneous to, and not constituting elements of, the contract itself—has been violated"); McKernin v. Fanny Farmer Candy Shops, Inc., 176 A.D.2d 233, 574 N.Y.S.2d 58, 59 (2d Dep't 1991) (fraud claim does not lie where "premised upon an alleged breach of contractual duties and the supporting allegations do not concern representations which are collateral or extraneous to the terms of the parties' agreement").

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL H. KALINER, as Chapter 7 Trustee for :
BARRON ATM, LLC,

                           Plaintiff,

     v.

MT. VERNON MONETARY MANAGEMENT
CORP. d/b/a MVMM CORP., MT. VERNON
MONEY CENTER CORP. d/b/a MVMC
CORP., and BARRON ATM CORP.,

                          Defendants.
------------------------------------------------------------x

Civil Action No.
07 Civ. 4643 (LMM)

**AFFIRMATION OF SERVICE**

I, Jennifer A. Huber, make the following affirmation under penalty of perjury:

On September 7, 2007, I served a copy of Defendants' **Notice of Motion**, the **Declaration of Karen F. Lederer**, and **Defendants' Memorandum of Law in Support of Their Motion to Dismiss** upon all registered ECF parties in the action by posting such documents electronically to the ECF website of the United States District Court for the Southern District of New York.

Dated:    New York, New York
             September 7, 2007

                                                      Jennifer A. Huber