UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
:
MICHAEL H. KALINER, as Chapter 7 Trustee for      :
BARRON ATM, LLC                                   :
                                                  :
              -against-                         :   Civil Action No.
                                                  :   07 Civ. 4643 (LMM)
MT. VERNON MONETARY MANAGEMENT CORP.              :
d/b/a MVMM CORP., MT. VERNON MONEY CENTER         :
CORP., d/b/a MVMC CORP. and BARRON ATM CORP.      :
                                                  :
                          Defendants.      :
                                                  :
------------------------------------------------------------------------x

## DECLARATION OF DEREK WOLMAN IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Now comes Derek Wolman, and declares as follows:

1.    I am a member of Snow Becker Krauss P.C., attorneys for Plaintiff Michael H. Kaliner, Chapter 7 Trustee for Barron ATM, LLC. I make this Declaration in opposition to Defendants' Motion to Dismiss the Complaint filed by the Plaintiff in this Court on June 1, 2007.

2.    The facts set forth herein are upon information and belief based upon the records of Plaintiff and my own investigation.

3.    On September 19, 2002, Barron ATM LLC ("Barron LLC") and Defendant Barron ATM Corporation ("Barron Corp.") entered into a contract for the purchase of ATM machines and contracts for their placement for a purchase price of $1,200,000.00 to be paid over a term of nine years with interest at 5% per annum payable in equal monthly installments of $13,820.73 (the "Contract"). Installment payments on

1

the contract were made to Barron LLC through November 1, 2004, leaving an unpaid balance for the purchase price of the ATMs and contracts of $958,398.57.

4. The only signatories to the contract were Barron LLC and Barron Corp.

5. Defendants Mt. Vernon Monetary Management Corp. ("MVMM"), Mt. Vernon Money Center Corp. ("MVMC) and Barron Corp. are all wholly owned and operated by Robert F. Egan.

6. Barron Corp. never really existed as its own entity.

7. On April 26, 2007, Egan was deposed by the Plaintiff in the related bankruptcy matter currently pending in the United States Bankruptcy Court for the Eastern District Pennsylvania bearing Case No. 04-17488 (BIF). A copy of Egan's deposition was delivered to Mount Vernon Monetary Management Corp.'s counsel on June 7, 2007. A copy of the letter of transmittal is annexed hereto as Exhibit 1. Egan has not made any corrections to his deposition. Relevant portions of Egan's deposition are annexed hereto as Exhibit 2 and Exhibit 3.

8. At his deposition, Egan testified that Barron Corp.'s business was run with an almost complete absence of corporate formalities. No minutes of any corporate meetings were maintained (Exhibit 2, Trans., p. 64, lines 13-17). Indeed, no corporate meetings were ever held (Exhibit 2, Trans., p. 64, lines 13-17). Moreover, no capital stock in Barron Corp. was ever issued (Exhibit 3, Trans., p. 63, lines 15-22);

9. Furthermore, as Plaintiff's have already pled in the Complaint, Barron Corp. did not have its own employees or managers, nor did it have its own office space.

10. From the time that Barron Corp. was incorporated on September 12, 2002, it had no assets other than the 1 cent Egan deposited in its bank account at JP Morgan Chase Bank, which was opened on January 31, 2003.

11. Almost all of the installment payments that were made on the contract for the purchase of ATMs were made by MVMM and/or MVMC, not Barron Corp.

12. Barron Corp. did not receive any of the revenue earned from the ATMs. Rather, all of the revenue was diverted to the accounts of MVMM and/or MVMC.

13. Defendants' makes three arguments in their Motion to Dismiss: 1) this Court should dismiss Plaintiff's breach of contract claim as to Defendants MVMM and MVMC because they are not signatories to the Contract; 2) this Court should dismiss Plaintiff's quantum meruit and unjust enrichment claims because quasi contract relief is precluded when a valid contract exists; and 3) this Court should dismiss Plaintiff's fraud action for failure to sufficiently allege the elements of fraud in the Complaint and/or because the fraud claim is duplicative of the contract claim.

14. As set forth in the accompanying memorandum of law, all of Defendants' arguments must fail for the following reasons: 1) Defendants MVMM and MVMC are bound by the Contract even though they did not sign it because Barron Corp. is merely the alter ego of Defendants MVMM and MVMC; 2) Plaintiff does not have to elect between its contract and quasi contract claims because there is a bona fide dispute over the existence of a contract between the Mount Vernon Defendants and Barron Corp.; and 3) Plaintiffs have adequately pled its fraud claim.

15. Furthermore, Rule 8(e)(2) of the Federal Rule of Civil Procedures and Rule 3014 of the New York Civil Practice Law and Rules explicitly provide that a plaintiff may plead causes of action in the alternative.

16. Hence, if this Court dismisses Plaintiff's breach of contract action against the Defendants MVMM and MVMC, the Plaintiff should be allowed to pursue its claim for fraud against the Defendants because the contract claim and the fraud claim would not then be duplicative.

17. Therefore, the Plaintiff respectfully requests that the Defendants' motion to dismiss be denied in all respects.

Signed under the penalties of perjury this 28th day of September, 2007.

_____
Derek Wolman

# EXHIBIT 1

# SNOW BECKER KRAUSS P.C.

| | | |
|---|---|---|
| JACK BECKER<br>MARK S. BORTEN<br>KENNETH E. CITRON<br>EDWARD M. CUDDY, III<br>MICHAEL H. DU BOFF<br>DAVID R. FISHKIN<br>PAUL GOTTLIEB<br>RONALD S. HERZOG<br>ERIC HONICK<br>MARK A. KANIAN<br>HARVEY KRAUSS<br>PAUL C. KURLAND | ATTORNEYS AT LAW<br>605 THIRD AVENUE<br>NEW YORK, N.Y. 10158-0125<br>(212) 687-3860<br>TELECOPIER<br>(212) 949-7052<br>Direct Dial<br>(212)455-0442<br>Email: dwolman@sbklaw.com | MARC J. LUXEMBURG<br>BRAD S. MAISTROW<br>RALPH K. SMITH<br>CHARLES SNOW<br>MICHAEL WEXELBAUM<br>DEREK WOLMAN<br><br>FRANCIS V. IMBORNONE<br>(1987-2002)<br>HAROLD L. LUXEMBURG<br>(1987-1990)<br><br>JAMES N. BLAIR<br>HOWARD KARASIK<br>RICHARD REICHLER<br>LEONARD W. WAGMAN<br>COUNSEL |

June 7, 2007

Mount Vernon Money Center
403 East Third Street
Mt. Vernon, NY 10553
Attn: Donato Velez, Jr., Esq.

Re: Barron ATM, LLC

Dear Mr. Velez:

On May 7, 2007 I delivered to you, your client's deposition transcript taken on April 26, 2007. At that time I requested that you provide me with all documents and/or information requested at the deposition and as briefly outlined on page 141 of said transcript. I enclosed herewith a copy of page 141 of the transcript for your convenience. To date, I have not received any requested documents from you. Please advise when I can expect the same.

Very truly yours,

SNOW BECKER KRAUSS P.C.

By: _____
Derek Wolman

DW/jv
Enc.

# EXHIBIT 2

```
                                                          64
 1                        Egan
 2    minutes of meetings of Barron ATM Corp., are
 3    you aware of that?
 4    A     Right.
 5    Q     Are you aware of that request?
 6    A     I have documents, bylaws,
 7    certificates, stock and minute book of
 8    Barron, Inc.
 9    Q     We did not receive any minute book
10    pursuant to our request, is that correct, you
11    didn't produce one, right?
12    A     I don't see it.  No, I don't see it.
13    Q     Were there ever any minutes of any
14    meetings for Barron ATM Corp.?
15    A     No.
16    Q     You never held any meetings, correct?
17    A     No.
18    Q     I will ask you to take a look at
19    Exhibit MV-D which has been previously
20    marked.  Tell me what that is.
21    A     Election by small business
22    corporation, a selection.
23    Q     Is that a subchapter S selection for
24    Barron ATM Corp.?
25    A     Correct, yes.
```

# EXHIBIT 3

                                                            63
1                       Egan
2    A      Yes.
3    Q      Looking at certificate number 1, again
4    page 14 and 15, am I correct that no shares
5    of the company were ever actually issued to
6    you?
7    A      Yes.
8    Q      There are no shares of the company
9    that have ever been issued then, right?
10   A      That's correct.
11   Q      In the last two pages of this exhibit,
12   pages 16 and 17, look like blank pages of a
13   stock ledger, is that right?
14   A      Yes.
15   Q      This is the stock ledger for the stock
16   certificates of Barron ATM Corp.?
17   A      Yes.
18   Q      They are blank, right?
19   A      Yes.
20   Q      Is that because no stock was ever
21   issued or transferred?
22   A      Yes.
23   Q      In our request for production of
24   documents pursuant to which Exhibit M was
25   received, there was also a request for any