UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MICHAEL H. KALINER, as Chapter 7 Trustee for :
BARRON ATM, LLC,
                                    Plaintiff,      :    Civil Action No.
                                                       07 Civ. 4643

      v.

MT. VERNON MONETARY MANAGEMENT  :  **ANSWER AND**
CORP. d/b/a MVMM CORP., MT. VERNON      **COUNTERCLAIM**
MONEY CENTER CORP., d/b/a MVMC
CORP., and BARRON ATM CORP.,

                                 Defendants.
----------------------------------------------------------------x

       Defendants MVMM Corp.,[1] Mount Vernon Money Center Corp.[2] (together the "Mount Vernon Defendants"), and Barron ATM Corp. ("Barron Corp."; together with the Mount Vernon Defendants, "Defendants"), by their attorneys Troutman Sanders LLP, for their Answer and Counterclaim to the Complaint, allege as follows:

       1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

       2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 2 of the Complaint that the assets of Barron ATM, LLC ("Barron LLC") acquired by Barron Corp. constituted substantially all of the assets of Barron LLC, and deny the remaining allegations contained in Paragraph 2 of the Complaint.

       3.     Deny the allegations contained in Paragraph 3 of the Complaint.

---

[1]    Incorrectly named in the Complaint as "Mt. Vernon Monetary Management Corp. d/b/a MVMM Corp."
[2]    Incorrectly named in the Complaint as "Mt. Vernon Money Center Corp."

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Deny the allegations contained in Paragraph 6 of the Complaint, except admit that MVMM Corp. is a New York corporation with its principal place of business at 403 East Third Street, Mount Vernon, New York 10553.

7. Deny the allegations contained in Paragraph 7 of the Complaint, except admit that Mount Vernon Money Center Corp. is a New York corporation with its principal place of business at 403 East Third Street, Mount Vernon, New York 10553.

8. Admit the allegations contained in Paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Admit the allegations contained in Paragraph 10 of the Complaint.

11. Admit the allegations contained in Paragraph 11 of the Complaint.

12. Admit the allegations contained in Paragraph 12 of the Complaint.

13. Deny the allegations contained in Paragraph 13 of the Complaint.

14. Admit the allegations contained in Paragraph 14 of the Complaint.

15. Deny the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint, except admit that Robert Egan on behalf of Barron Corp. sent a letter of intent dated September 29, 2002 to Craig Sanford on behalf of Barron LLC and respectfully refer the Court to that letter for its full terms.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

20. Deny the allegations contained in Paragraph 20 of the Complaint, except admit that Barron Corp. assumed ownership of the ATMs on or about October 1, 2002.

21. Deny the allegations contained in Paragraph 21 of the Complaint, except admit that Mount Vernon Money Center Corp. issued three checks, each in the sum of $13,820.73, dated October 1, 2002, November 1, 2002 and December 1, 2002.

22. Deny the allegations contained in Paragraph 22 of the Complaint, except admit that sixteen payments were made by wire transfer between January 1, 2003 and June 1, 2004.

23. Admit the allegations contained in Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Admit the allegations contained in Paragraph 25 of the Complaint.

26. Deny the allegations contained in Paragraph 26 of the Complaint, and in addition the Defendants aver that two payments of $13,820.73 each were made to the Sheriff of the County of Westchester, State of New York, in 2003 on account of Barron LLC.

27. Deny the allegations contained in Paragraph 27 of the Complaint.

## In Response to the First Cause of Action

### (Breach of Contract)

28. Repeat their responses to Paragraphs 1 through 27 of the Complaint.

29. Deny the allegations contained in Paragraph 29 of the Complaint.

30. Deny the allegations contained in Paragraph 30 of the Complaint.

31. Deny the allegations contained in Paragraph 31 of the Complaint, except admit that Barron Corp. assumed ownership of the ATMs on or about October 1, 2002.

32. Deny the allegations contained in Paragraph 32 of the Complaint, except admit that payments for the ATMs were made by or on behalf of Barron Corp., with the last payment being made on or about November 1, 2004.

33. Deny the allegations contained in Paragraph 33 of the Complaint, except admit that no further payments were made.

34. Deny the allegations contained in Paragraph 34 of the Complaint.

### In Response to the Second Cause of Action

### (Quantum Meruit)

35. Repeat their responses to Paragraphs 1 through 34 of the Complaint.

36. Deny the allegations contained in Paragraph 36 of the Complaint, except admit that Robert Egan on behalf of Barron Corp. sent a letter of intent dated September 29, 2002 to Craig Sanford on behalf of Barron LLC and respectfully refer the Court to that letter for its full terms.

37. Deny the allegations contained in Paragraph 37 of the Complaint.

38. Deny the allegations contained in Paragraph 38 of the Complaint, except admit that Barron Corp. assumed ownership of the ATMs on or about October 1, 2002.

39. Deny the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

41. Deny the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny the allegations contained in Paragraph 43 of the Complaint.

### In Response to the Third Cause of Action

### (Unjust Enrichment)

44. Repeat their responses to Paragraphs 1 through 43 of the Complaint.

45. Deny the allegations contained in Paragraph 45 of the Complaint.

46. Deny the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint, except admit that Barron Corp. assumed ownership of the ATMs.

48. Deny the allegations contained in Paragraph 48 of the Complaint.

49. Deny the allegations contained in Paragraph 49 of the Complaint.

### In Response to the Fourth Cause of Action

### (Fraud)

Plaintiff's fraud claim was dismissed by Memorandum and Order of this Court dated September 3, 2008.

### First Affirmative Defense

50. The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

51. Plaintiff's action is barred by the Statute of Frauds.

### Third Affirmative Defense

52. Plaintiff's action is barred by the Statute of Limitations.

### Fourth Affirmative Defense

53. Plaintiff's action is barred because Barron LLC ratified the actions taken by Defendants.

### Fifth Affirmative Defense

54. The obligation sued upon has been fully satisfied, or Barron LLC has waived its rights to further performance from Defendants.

### Sixth Affirmative Defense

55. Plaintiff's action is barred because Barron LLC consented to each and every act of the Defendants.

### Seventh Affirmative Defense

56. Plaintiff's action is barred because Barron LLC released the obligations and claims against Defendants.

### Eighth Affirmative Defense

57. This action is barred in whole or in part by the doctrine of estoppel.

### Ninth Affirmative Defense

58. Plaintiff's action is barred by the doctrine of laches.

### Tenth Affirmative Defense

59. Plaintiff's action is barred by the doctrine of unclean hands.

### Eleventh Affirmative Defense

60. There is not and has never been an enforceable contract between Barron LLC and any of the Defendants with regard to a sale of ATMs and placement contracts by Barron LLC to Barron Corp.

### Twelfth Affirmative Defense

61.     If any enforceable contract ever existed between Barron LLC and any of the Defendants with regard to a sale of ATMs and placement contracts by Barron LLC to Barron Corp., Barron LLC materially breached the terms, if any, thereby excusing Defendants' performance thereunder.

### Thirteenth Affirmative Defense

62.     Plaintiff's action is barred because Barron LLC breached the implied covenant of good faith and fair dealing.

### Forteenth Affirmative Defense

63.     Plaintiff has failed to mitigate its damages, if any.

### Fifteenth Affirmative Defense

64.     Plaintiff's damages, if any, should be offset by any damages caused by Barron LLC to Defendants, as set forth in the Counterclaim filed by Barron Corp.

### AS AND FOR A FIRST COUNTERCLAIM

### (Unjust Enrichment)

65.     Defendant-Counterclaim Plaintiff Barron ATM Corp. ("Barron Corp.") is a New York Corporation with its principal place of business at 403 East Third Street, Mount Vernon, New York 10553.

66.     On September 19, 2002, Robert Egan on behalf of Barron Corp. sent a letter of intent to Craig Sanford on behalf of Barron ATM, LLC ("Barron LLC") expressing the general terms upon which Barron Corp. would consider entering into a contract with Barron LLC for the purchase from Barron LLC of 35 ATMs that were then being serviced by Mount Vernon Money Center Corp. and the contracts that Barron LLC had with premises owners for their placement.

67. The letter of intent was expressly subject to execution of a separate written contract between the parties.

68. No written contract was ever proffered by Barron LLC to Barron Corp.

69. Upon information and belief, Barron LLC did not timely execute the letter of intent and did not timely, if ever, return it to Barron Corp.

70. Upon information and belief, when Craig Sanford executed the letter of intent on behalf of Barron LLC, he crossed out the paragraph in the letter stating "There will be placement costs for upgrades and new ATM machines. The current ATM network is obsolete and required an industry upgrade (Triple Deskey) to be completed by March 1, 2003. The replacement and upgrade needs to be negotiated and identified in your contract." Sanford placed his initials "CS" and the word "Removed" alongside the crossed out paragraph.

71. Upon information and belief, Barron LLC never delivered the placement contracts to Barron Corp.

72. Approximately half of the placement contracts turned out to be non-existent or worthless.

73. On or about October 1, 2002, Barron Corp. assumed ownership of the ATMs.

74. No agreement was ever reached on price.

75. Barron Corp. and Mt. Vernon Money Center Corp. on behalf of Barron Corp. have made payments for the ATMs to or on account of Barron LLC totaling $359,338.98.

76. In addition, Barron Corp. has incurred replacement costs of $82,000.00 and Triple DES Key upgrade costs of $5,400.00 to bring the ATM machines into compliance with the required industry standards.

77. Despite demand, Barron LLC has refused to reimburse Barron Corp. for the replacement and upgrade costs.

78. Barron LLC has been unjustly enriched by receiving and retaining payments in excess of the value received by Barron Corp. from Barron LLC.

79. Equity and good conscience require restitution.

WHEREFORE, Defendants MVMM Corp. and Mount Vernon Money Center Corp. demand judgment dismissing the Complaint and for such other relief as the Court deems just and proper; and Defendant-Counterclaim Plaintiff Barron Corp. demands judgment dismissing the Complaint and awarding it judgment against Plaintiff, Michael H. Kaliner, as Chapter 7 Trustee for Barron ATM, LLC, in an amount to be determined at trial, together with interest thereon, and such other relief as the Court deems just and proper.

Dated:   New York, New York
         September 15, 2008

                               TROUTMAN SANDERS LLP

                               By. /s/ Karen F. Lederer
                               Karen F. Lederer (KL 2768)
                               Jennifer A. Huber (JH 4499)
                               Attorneys for Defendants and
                                   Counterclaim Plaintiff
                               405 Lexington Avenue
                               New York, New York 10174